[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
Richard appeals from a March 2007 juvenile court order terminating his parental rights to his daughter, Paige, who was five years and eight months of age at the time of a February 2007 termination of parental rights hearing. The order also terminated the parental rights of Paige's mother to Paige and two older children and terminated the parental rights of the fathers of each of the two older children, and neither Paige's mother nor either of the other two fathers have appealed. We affirm.
The juvenile court terminated Richard's parental rights pursuant to Iowa Code sections 232.116(1)(b) (2007) (abandonment), 232.116(1)(e) (child adjudicated a child in need of assistance, child removed from parents' physical custody at least six consecutive months, parent has not maintained significant and meaningful contact during previous six months and has made no reasonable efforts to resume care of child), and232.116(1)(f) (child four or older, adjudicated a child in need of assistance, removed from parents' physical custody twelve of last eighteen months, cannot be returned at present time). Richard appeals.
 We review termination proceedings de novo. Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses. The primary interest in termination proceedings is the best interests of the child. To support the termination of parental rights, the State must establish the grounds for termination under Iowa Code section 232.116 by clear and convincing evidence.
In re C.B., 611 N.W.2d 489, 492 (Iowa 2000) (citations omitted).
Richard claims he did not abandon Paige. This claim implicates only the grounds for termination under section 232.116(1)(b). Richard does not claim the State did not prove the grounds for termination under either or both of sections 232.116(1)(e) and232.116(1)(f), and we may affirm on those grounds. See
Iowa R. App. P. 6.14(1)(c) ("Failure in the brief to state . . . an issue may be deemed waiver of that issue.");In re S.R., 600 N.W.2d 63, 64 (Iowa Ct.App. 1999) ("When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm.").
Richard also claims that termination of his parental rights is not in Paige's best interest. Even if statutory grounds for termination are met, the decision to terminate must still be in the best interest of the child. In re M.S.,519 N.W.2d 398, 400 (Iowa 1994). Although Richard did meet some of the requirements of the case plans and court orders, we find the overwhelming evidence shows that termination of his parental rights is in Paige's best interest.
Although Richard and Paige's mother lived together for two to three years, they were never married and they finally separated before Paige's second birthday. Richard has a history of substance abuse. In June 2006 the juvenile court ordered him to participate in sweat patch testing. Despite having three appointments made for him to do so, Richard never did participate.
Richard has a lengthy and varied history of criminal convictions, including felony operating while intoxicated. Some time prior to June 2006 he was granted parole, but in June 2006 he stopped reporting to his parole officer as required. He was subsequently arrested and from November 2006 to January 2007 was incarcerated as a result of parole violations.
In May 2006 Richard stopped visiting Paige. He changed residences at times during the juvenile court proceedings in this case, and at times failed or refused to provide the Iowa Department of Human Services (DHS) with new addresses or changed telephone numbers. Richard did not contact the DHS every thirty days as required.
Richard did not attend scheduled juvenile court hearings in June, October, and November 2006. In November 2006 he was the subject of a founded assessment of child abuse or neglect, for denial of critical care by failing to provide proper supervision of this then girlfriend's child. At the time of the termination hearing Richard was living and working in Virginia. He acknowledged it would be at least six weeks, and perhaps longer, before he might be able to have physical custody of Paige.
Paige has been removed from her parents since December 2005. She suffers from feelings of abandonment. Paige has been diagnosed as having "Adjustment Disorder with Mixed Disturbance of Emotions and Conduct." She participates in counseling for her emotional problems. Paige needs permanency, in a home and with a family where she can feel wanted, safe, and secure, and needs it now, not at some future time. Termination is necessary and appropriate to allow Paige the opportunity to acquire the stability, security, and permanence she needs and deserves. We affirm the juvenile court finding that termination of Richard's parental rights is in Paige's best interest.
AFFIRMED.